CHATSWORTH APARTMENTS, INC., Appellant, v. NANNIE C. LOVE, Respondent.

First Department, October 31, 1924.

Landlord and tenant — action for rent due under two-year lease of apartment — defense that defendant was induced to sign lease by false and fraudulent representations that apartment was open to light and air and not affected by smoke and soot from railroad adjoining — defendant occupied apartment for eleven months — rescission should have followed immediately upon discovery of fraud — condition could have been discovered before taking possession — plaintiff is entitled to judgment on pleadings.

The plaintiff, in an action to recover the rent due under a two-year lease of an apartment, is entitled to judgment on the pleadings, where the answer contains no denials but alleges as a separate defense that the defendant was induced to enter into the lease by false and fraudulent representations that the apartment was open to light and air and was not affected by smoke or soot from the railroad adjoining the property, and that, upon discovering that the apartment filled with smoke and soot from the railroad, the defendant quit the premises, and where it appears also that the defendant occupied the premises for eleven months before claiming the right to rescind.

The rescission of a contract for fraud must follow promptly upon the discovery of the fraud, which, in this case, according to the defense, was at the time the defendant took possession of the premises, and, therefore, not having rescinded the contract for a long period, but having remained in possession and accepted the benefits of the agreement, she cannot thereafter rescind on the ground of fraud.

Moreover, it is apparent that the defendant could have discovered, before taking possession, whether the apartment had light and air and was free from smoke.

APPEAL by the plaintiff, Chatsworth Apartments, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on or about the 8th day of November, 1923, denying its motion,

made under rule 112 of the Rules of Civil Practice, for judgment on the pleadings.

*Russel W. Leary*, for the appellant.

*Meier Steinbrink [Hunter L. Delatour* of counsel], for the respondent.

Martin, J.:

This action is brought to recover the rent of an apartment in " The Chatsworth," at Seventy-second street and Riverside drive. Defendant signed a lease in April, 1922, for a term of two years and four months, commencing on June 1, 1922, and entered upon and occupied the demised premises for eleven months, paying the rent from June 1, 1922, to May 31, 1923. She vacated the apartment in the latter part of the month of May, 1923.

The answer contains no denials, but alleges as a separate defense that the defendant was induced to enter into the lease by false and fraudulent representations that the apartment was open to light and air, free from extraordinary odors and noises and not affected by smoke or dirt from the railroad adjoining the property; and that, upon discovering it filled with smoke and soot from the railroad to an extent which rendered it untenantable and unfit for occupation, defendant quit the premises.

Respondent disclaims any attempt to plead constructive eviction.

Consistently with the allegations of the answer it must be assumed that the alleged uncomfortable conditions existed before the lease was signed, as otherwise the representations would not have been made with reference to facts. From this viewpoint it is apparent that the effect of the plea is that the alleged falsity of the representations was discovered by defendant at the beginning of her term and that she nevertheless continued to occupy the apartment for eleven months and until, it is interesting though not pertinent to observe, the approach of summer and the season when apartments are abandoned for the countryside.

Assuming the truth of the tenant's allegations and that their legal effect is to show that, on discovering the alleged fraud, she had an option to promptly rescind for fraud, she did not so rescind. So far as the answer discloses, she continued to perform the contract for eleven months and so long as performance was enjoyable and suitable to herself. Rescission of a contract for fraud must follow promptly upon the discovery of the fraud and is not permitted where one continues to accept the benefits of the agreement for a long period, that of greatest benefit to the party who claims to have been misled, and until the time is reached when performance becomes of benefit almost solely to the other party to the agreement.

Moreover, it is obvious that the defendant could have discovered, before taking possession, whether the apartment had light and air and was free from smoke, railroad dirt, harmful odors and noises.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., MERRELL, FINCH and McAvoy, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.